FILED

07 JUL -3 PM 3:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2006 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLORIA EUGENIA LEON-ALDANA (1),<br>aka Doña Gloria,<br>JUAN ANDRES-SANTOS (2),<br>AGUSTIN ALONSO-TERRERO (3),<br>aka El Gigio,<br>MARIO ANTONIO<br>ANTUNEZ-SOTELO (4),<br>aka Don Tony,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 07CR0035-L<br><br>I N D I C T M E N T<br>**(Superseding)**<br><br>Title 18, U.S.C., Sec. 371;<br>Title 8, U.S.C.,<br>Sec. 1324(a)(2)(B)(ii) -<br>Conspiracy to Bring in Illegal<br>Aliens for Financial Gain;<br>Title 8, U.S.C.,<br>Secs., 1324(a)(1)(A)(iii), (v)(I)<br>and (B)(i) - Conspiracy to Harbor<br>Illegal Aliens for Financial Gain;<br>Title 18, U.S.C.,<br>Secs. 371, 1589, 1594 - Conspiracy<br>of Forced Labor;<br>Title 8, U.S.C.,<br>Sec. 1324(a)(2)(B)(ii); Title 8,<br>U.S.C., Secs. 1324(a)(1)(A)(iii),<br>(v)(II) and (B)(i) - Harboring<br>Illegal Aliens for Financial Gain;<br>Title 18, U.S.C., Secs. 1589 and<br>1594 - Forced Labor; Title 18,<br>U.S.C., Sec. 2 - Aiding and<br>Abetting |

//

//

//

//

The grand jury charges:

Count 1

CONSPIRACY TO BRING IN ILLEGAL ALIENS FOR FINANCIAL GAIN

[18 U.S.C. § 371]

**OBJECT OF THE CONSPIRACY**

1.   Beginning on a date unknown to the grand jury and continuing up to and including December 18, 2006, within the Southern District of California, and elsewhere, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, JUAN ANDRES-SANTOS, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, knowingly conspired and agreed with each other, and other persons known and unknown to the grand jury, to bring and attempt to bring illegal aliens to the United States, knowing and in reckless disregard of the fact that said aliens had not received prior official authorization to come to, enter, or reside in the United States, for the purpose of obtaining private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

**METHODS AND MEANS**

2.   From on or about a date unknown, but no later than March 20, 2006, to and including December 18, 2006, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, JUAN ANDRES-SANTOS, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, were members of an alien smuggling operation that recruited aliens in Mexico, smuggled aliens across the border from Mexico into the United States, and transported aliens to locations within the Southern District of California, and elsewhere, where they were harbored.

//

//

2

3.    The individuals recruited, smuggled, transported, employed, harbored, and threatened in the present matter are hereinafter referred to as the "Aliens," and include Alexander Contreras-Cobos, Haniel Aguilar-Santiago, Bilardo Aguilar-Santiago, Javier Jaimes-Nery, Ricardo Lopez-Moreno, and Adulfo DeJesus Ortiz.

4.    The Aliens, who had not received prior official authorization to come to, enter, or reside in the United States, met in Mexico with defendant ANTUNEZ and other known and unknown co-conspirators, or contacted defendant LEON in the United States, and arranged to be smuggled into the United States in exchange for a fee and employment.

5.    The Aliens agreed to work as directed and to pay smuggling fees and various expenses to defendants ANTUNEZ, LEON, and other known and unknown co-conspirators, which would be deducted from money received from employment that the defendants provided or obtained for the Aliens.

6.    Defendants ANDRES and ALONSO, and known and unknown co-conspirators, smuggled the Aliens from Mexico into the United States for the private financial gain of defendants LEON, ANDRES, ALONSO, and ANTUNEZ.

7.    Defendant LEON and other known and unknown co-conspirators drove a vehicle to locations near the U.S.-Mexico border and picked up the Aliens shortly after they were smuggled into the United States from Mexico, and drove the Aliens to a residence located either at 333A Woodman Avenue, San Diego, California (hereinafter "Woodman Address"), and 3989 Franklin Avenue, San Diego, California (hereinafter "Franklin Address").

//

1      8.   Defendants LEON and ANTUNEZ, and other known and unknown co-
2  conspirators, harbored the Aliens at the Franklin and/or Woodman
3  Addresses for financial gain, in furtherance of the Aliens' illegal
4  entry into the United States.

5                              **OVERT ACTS**

6      9.   In furtherance of the conspiracy and to achieve the objects
7  thereof, the defendants and their co-conspirators, known and unknown
8  to the grand jury, committed and caused to be committed the following
9  overt acts, among others, within the Southern District of California
10  and elsewhere:

11         a.   On or about March 26, 2006, defendant ANTUNEZ, in
12  Campeche, Mexico, agreed to smuggle Alexander Contreras-Cobos into the
13  United States from Mexico for approximately $2500.

14         b.   On or about March 29, 2006, defendant ANTUNEZ
15  transported Alexander Contreras-Cobos within Mexico to an airport in
16  Quintana Roo, Mexico and instructed him to fly to Tijuana, Mexico in
17  order to be smuggled into the United States by defendant ALONSO.

18         c.   On or about April 5, 2006, defendant ALONSO smuggled
19  Alexander Contreras-Cobos into the United States from Mexico for
20  private financial gain.

21         d.   On or about April 5, 2006, defendant LEON transported
22  Alexander Contreras-Cobos from near the United States-Mexico border
23  to the Woodman Address.

24         e.   From on or about April 5, 2006 to and including
25  December 18, 2006, defendants LEON and ANTUNEZ harbored Alexander
26  Contreras-Cobos at the Woodman Address.

27  //

28  //

f.   On or about April 5, 2006, defendant ANTUNEZ, in Campeche, Mexico agreed to smuggle Haniel Aguilar-Santiago into the United States from Mexico for approximately $2500.

g.   On or about April 17, 2006, defendant LEON sent Defendants ANDRES and ALONSO to meet Haniel Aguilar-Santiago in Tijuana, Mexico and smuggle him into the United States.

h.   On or about April 18, 2006, defendant ANDRES smuggled Haniel Aguilar-Santiago into the United States from Mexico.

i.   On or about April 18, 2006, defendant LEON transported Haniel Aguilar-Santiago from near the United States-Mexico border to the Woodman Address.

j.   From on or about April 18, 2006 to and including December 18, 2006, defendants LEON and ANTUNEZ harbored Haniel Aguilar-Santiago at the Woodman Address.

k.   On or about April 5, 2006, defendant ANTUNEZ, in Campeche, Mexico agreed to smuggle Bilardo Aguilar-Santiago into the United States from Mexico for approximately $2500.

l.   On or about April 17, 2006, defendant LEON sent defendants ANDRES and ALONSO to meet Bilardo Aguilar-Santiago in Tijuana, Mexico and smuggle him into the United States.

m.   On or about April 18, 2006, defendant ALONSO smuggled Bilardo Aguilar-Santiago into the United States from Mexico.

n.   On or about April 18, 2006, defendant LEON transported Bilardo Aguilar-Santiago from near the United States-Mexico border to the Woodman Address.

o.   From on or about April 18, 2006 to and including December 18, 2006, defendants LEON and ANTUNEZ harbored Bilardo Aguilar-Santiago at the Woodman Address.

1            p.    On or about October 13, 2006, defendant LEON made

2    arrangements to smuggle Ricardo Lopez-Moreno into the United States

3    from Mexico for approximately $3000.

4            q.    On or about October 18, 2006, defendant LEON sent

5    Defendant ALONSO to meet Ricardo Lopez-Moreno in Tijuana, Mexico and

6    to smuggle Lopez into the United States.

7            r.    On or about October 22, 2006, defendant ALONSO smuggled

8    Ricardo Lopez-Moreno into the United States from Mexico.

9            s.    On or October 22, 2006, defendant LEON transported

10   Ricardo Lopez-Moreno from near the United States-Mexico border to the

11   Woodman Address.

12           t.    From on or about October 22, 2006 to and including

13   December 18, 2006, defendants LEON and ANTUNEZ harbored Ricardo Lopez-

14   Moreno at the Woodman and Franklin Addresses.

15           u.    On or about October 13, 2006, defendant LEON made

16   arrangements to smuggle Javier Jaimes-Nery into the United States from

17   Mexico for approximately $3000.

18           v.    On or about October 18, 2006, defendant LEON sent

19   defendant ALONSO to meet Javier Jaimes-Nery in Tijuana, Mexico and to

20   smuggle Jaimes into the United States.

21           w.    On or about October 22, 2006, defendant ALONSO smuggled

22   Javier Jaimes-Nery into the United States from Mexico.

23           x.    On or about October 22, 2006, defendant LEON

24   transported Javier Jaimes-Nery from near the United States-Mexico

25   border to the Franklin Address and subsequently to the Woodman

26   Address.

27   //

28   //

y. From on or about October 22, 2006 to and including December 18, 2006, defendants LEON and ANTUNEZ harbored Javier Jaimes-Nery at the Franklin and Woodman Addresses.

z. On or about October 16, 2006, defendant LEON made arrangements to smuggle Adulfo De Jesus-Ortiz into the United States from Mexico for approximately $3500.

aa. On or about October 19, 2006, defendant LEON sent defendant ALONSO to meet Adulfo De Jesus-Ortiz in Tijuana, Mexico and to smuggle De Jesus into the United States.

bb. On or about October 22, 2006, defendant ALONSO smuggled Adulfo De Jesus-Ortiz into the United States from Mexico.

cc. On or about October 22, 2006, defendant LEON transported Adulfo De Jesus-Ortiz from near the United States-Mexico border to the Franklin Address.

dd. From on or about October 22, 2006 to and including December 18, 2006, defendants LEON and ANTUNEZ harbored Adulfo De Jesus-Ortiz at the Franklin Address.

All in violation of Title 18, United States Code, Section 371.

<u>Count 2</u>

<u>CONSPIRACY TO HARBOR ILLEGAL ALIENS FOR FINANCIAL GAIN</u>

[8 U.S.C. §§ 1324(a)(1)(A)(iii), (v)(I) and (B)(i)]

**OBJECTS OF THE CONSPIRACY**

10. Beginning on a date unknown to the grand jury and continuing up to and including December 18, 2006, within the Southern District of California, and elsewhere, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, knowingly conspired and agreed with each other, and other persons known and unknown to the grand jury, to harbor and shield from

detection the Aliens in various apartments located in San Diego, California, knowing and in reckless disregard of the fact that the Aliens had come to, entered, and resided in the United States in violation of law, for the purpose of avoiding said aliens detection by immigration authorities, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (B)(i).

**METHODS AND MEANS**

11. The Government incorporates by reference Paragraphs 2 through 8.

**OVERT ACTS**

12. The grand jury hereby repeats and realleges paragraph 9 as fully set forth herein.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

Count 3

CONSPIRACY

[18 U.S.C. § 371]

**OBJECT OF THE CONSPIRACY**

13. Beginning on a date unknown to the grand jury and continuing up to and including December 18, 2006, within the Southern District of California, and elsewhere, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, knowingly conspired and agreed with each other, and other persons known and unknown to the grand jury, to knowingly provide and obtain, and attempt to provide and obtain, the labor and services of a person, by threats of serious harm to, and physical restraint against, that person or another person; and by means of a scheme, plan, and pattern

1  intended to cause the person to believe that, if the person did not
2  perform such labor and services, that person or another person would
3  suffer serious physical harm and physical restraint; and by the means
4  of the abuse or threatened abuse of the law and legal process; in
5  violation of Title 18, United States Code, Sections 1589 and 1594.

## METHODS AND MEANS

7       14.  The Government incorporates by reference Paragraphs 2
8  through 8, and further alleges that, defendants LEON-ALDANA, ANTUNEZ-
9  SOTELO, and other known and unknown co-conspirators, ordered the
10 Aliens to work and perform other services under the threat of harm to
11 themselves and their respective families.

## OVERT ACTS

13      15.  The grand jury hereby repeats and realleges Paragraphs 9 and
14 12, as fully set forth herein, in addition to the following overt
15 acts, among others, committed and caused to be committed in
16 furtherance of the conspiracy and to achieve the objects thereof, by
17 the defendants and their co-conspirators, known and unknown to the
18 grand jury, within the Southern District of California and elsewhere:
19           a.   From on or about April 5, 2006 to and including
20 December 18, 2006, defendant LEON charged Alexander Contreras-Cobos
21 for his smuggling fee of $2,500, rent, and clothing.
22           b.   Between or about April 5, 2006 and December 18, 2006,
23 defendant LEON threatened Alexander Contreras-Cobos that LEON would
24 take him away at gunpoint to the desert or another location, where he
25 would be left without assistance if he failed to work and perform
26 services as defendants LEON and ANTUNEZ ordered.
27           c.   Between or about April 5, 2006 and December 18, 2006,
28 defendant LEON instructed Alexander Contreras-Cobos that LEON would

tell him when and where to work, and that Contreras was not able to decide where he would work.

d.    Between or about April 22, 2006 and May 1, 2006, defendant ANTUNEZ threatened Alexander Contreras-Cobos that ANTUNEZ would kill or harm, or hire someone to kill, Contreras and/or Contreras' mother, if Contreras did not work and perform services as defendants LEON and ANTUNEZ ordered.

e.    On or about June 15, 2006, defendant ANTUNEZ threatened Alexander Contreras-Cobos that ANTUNEZ possessed a videotape showing defendant ANTUNEZ cutting the throat of another person, which demonstrates that ANTUNEZ follows through with his threats.

f.    On or about December 20, 2006, defendant ANTUNEZ ordered Alexander Contreras-Cobos to not cooperate with law enforcement officers investigating criminal activity.

g.    From on or about October 22, 2006 to and including December 18, 2006, defendant LEON charged Javier Jaimes-Nery for his smuggling fee, rent, food, and transportation.

h.    On or about October 23, 2006, defendant LEON confiscated the Mexican Electoral Identification card (hereinafter "IFE") of Javier Jaimes-Nery, which she believed provided the address of Jaimes' family in Mexico.

i.    On or about October 23, 2006, defendant LEON ordered Javier Jaimes-Nery to work and perform other services or LEON would, or would cause another to, harm or kill Jaimes and/or his family in Mexico.

j.    On or about October 23, 2006 to and including November 7, 2006, defendant LEON ordered Javier Jaimes-Nery to paint and clean houses for six days, nine hours a day, in exchange for approximately

$100.

      k.    Between on or November 7, 2006 to December 18, 2006, defendant LEON provided Javier Jaimes-Nery with a job in construction, but instructed him that he must assume a false identity and receive paychecks in the name of the false identity.

      l.    On or about November 7, 2006, defendant LEON told Javier Jaimes-Nery that LEON would receive all of his pay on alternating weeks from his job in construction.

      m.    From on or about October 22, 2006 to and including December 18, 2006, defendant LEON charged Ricardo Lopez-Moreno for his smuggling fee, transportation, and boots and clothing at approximately twice the retail cost.

      n.    On or about October 22, 2006, defendants LEON and ANTUNEZ confiscated the IFE card of Ricardo Lopez-Moreno, which LEON and ANTUNEZ believed provided the address of Lopez's family in Mexico.

      o.    On or about October 25, 2006, defendants LEON and ANTUNEZ ordered Ricardo Lopez-Moreno to work and perform other services, or LEON or ANTUNEZ would, or would cause another to, harm or kill Lopez and/or his family in Mexico.

      p.    Between on or about October 25, 2006 to December 18, 2006, defendant ANTUNEZ threatened Ricardo Lopez-Moreno that ANTUNEZ possessed a videotape showing ANTUNEZ decapitating another person, which demonstrated ANTUNEZ's capacity to kill.

      q.    From on or about October 26, 2006 to and including November 7, 2006, defendant LEON ordered Ricardo Lopez-Moreno to work for LEON for two weeks for $100.

      r.    Between on or about November 7, 2006 to December 18, 2006, defendant LEON provided Ricardo Lopez-Moreno with a job in

11

construction, but ordered him that he must assume a false identity and receive paychecks in the name of the false identity.

s.   On or about November 7, 2006, defendant LEON told Ricardo Lopez-Moreno that defendant LEON would receive all of his pay on alternating weeks from his job in construction.

t.   On or about December 15, 2006, defendant LEON threatened Ricardo Lopez-Moreno that she would kill his parents in Mexico if he did not work and perform services as ordered.

u.   Between on or about October 23, 2006 and December 18, 2006, defendant LEON told Ricardo Lopez-Moreno that if he did anything LEON did not permit, that LEON would cause the Border Patrol to arrest Lopez.

v.   Between on or about October 23, 2006 and December 18, 2006, defendant ANTUNEZ told Ricardo Lopez-Moreno that ANTUNEZ owned a rifle and would use it if ANTUNEZ became upset.

w.   On or about December 20, 2006 defendant ANTUNEZ ordered Ricardo Lopez-Moreno to not cooperate with law enforcement officers investigating criminal activity.

x.   From on or about October 22, 2006 to and including December 18, 2006, defendant LEON charged Adulfo De Jesus-Ortiz for his smuggling fee, food, rent, clothing, work boots, tools, and transportation.

y.   On or about October 22, 2006, defendant LEON confiscated the IFE card of Adulfo De Jesus-Ortiz, which LEON believed provided the address of De Jesus' family in Mexico.

z.   On or about October 23, 2006, defendant LEON ordered Adulfo De Jesus-Ortiz to work and perform other services as ordered, or LEON would, or would cause another, to harm or kill De Jesus and/or

his family in Mexico.

aa. On or about October 23, 2006, defendant ANTUNEZ ordered Adulfo De Jesus-Ortiz to work and perform other services as ordered, or ANTUNEZ would harm or kill De Jesus and/or his family in Mexico.

bb. Between on or about October 26, 2006 to December 18, 2006, defendant LEON provided Adulfo De Jesus-Ortiz with a job in construction, but ordered him that he must assume a false identity and receive paychecks in the name of the false identity.

cc. On or about October 26, 2006, defendant LEON told Adulfo De Jesus-Ortiz that LEON would receive all of his pay on alternating weeks from his job in construction.

dd. Between on or about October 23, 2006 and December 18, 2006, defendant ANTUNEZ told Adulfo De Jesus-Ortiz that ANTUNEZ owned a rifle and would use it if ANTUNEZ became upset.

ee. On or about December 20, 2006, defendant ANTUNEZ ordered Adulfo De Jesus-Ortiz to not cooperate with law enforcement officers investigating criminal activity.

All in violation of Title 18, United States Code, Section 371.

[Counts 4-9]

BRINGING IN ILLEGAL ALIENS FOR FINANCIAL GAIN

[8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2]

Count 4

On or about April 5, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Alexander Contreras-Cobos, had not received

1 prior official authorization to come to, enter and reside in the
2 United States, did bring to the United States said alien for the
3 purpose of commercial advantage and private financial gain; in
4 violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii),
5 and Title 18, United States Code, Section 2.

## Count 5

7 On or about April 18, 2006, within the Southern District of
8 California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria,
9 JUAN ANDRES-SANTOS, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO
10 ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the
11 immigration laws of the United States, knowing and in reckless
12 disregard of the fact that an alien, namely, Haniel Aguilar-Santiago,
13 had not received prior official authorization to come to, enter and
14 reside in the United States, did bring to the United States said alien
15 for the purpose of commercial advantage and private financial
16 gain; in violation of Title 8, United States Code,
17 Section 1324(a)(2)(B)(ii), and Title 18, United States Code,
18 Section 2.

## Count 6

20 On or about April 18, 2006, defendants GLORIA EUGENIA LEON-
21 ALDANA, aka Doña Gloria, JUAN ANDRES-SANTOS, AGUSTIN ALONSO-TERRERO,
22 aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the
23 intent to violate the immigration laws of the United States, knowing
24 and in reckless disregard of the fact that an alien, namely, Bilardo
25 Aguilar-Santiago, had not received prior official authorization to
26 come to, enter and reside in the United States, did bring to the
27 United States said alien for the purpose of commercial advantage and
28 private financial gain; in violation of Title 8, United States

Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## Count 7

On or about October 22, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Ricardo Lopez-Moreno, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## Count 8

On or about October 22, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Javier Jaimes-Nery, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

//

//

## Count 9

On or about October 22, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, AGUSTIN ALONSO-TERRERO, aka El Gigio, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Adulfo De Jesus-Ortiz, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

[Counts 10-15]

## HARBORING ILLEGAL ALIENS FOR FINANCIAL GAIN

[8 U.S.C. §§ 1324(a)(1)(A)(iii), (v)(II) and (B)(i)]

## Count 10

From on or about April 5, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Alexander Contreras-Cobos, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

//

## Count 11

From on or about April 18, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Haniel Aguilar-Santiago, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

## Count 12

From on or about April 18, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Bilardo Aguilar-Santiago, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

//
//
//
//

## Count 13

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Ricardo Lopez-Moreno, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

## Count 14

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Javier Jaimes-Nery, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

//

//

18

## Count 15

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Adulfo De Jesus-Ortiz, had come to, entered, and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in an apartment located in San Diego, California, for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (v)(II) and (B)(i).

[Counts 16-19]

## FORCED LABOR

[18 U.S.C. § 1589; 18 U.S.C. § 1594; 18 U.S.C. § 2]

## Count 16

From on or about April 5, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of a person, namely, Alexander Contreras-Cobos, by threats of serious harm to, and physical restraint against, Alexander Contreras-Cobos and other persons; and by means of a scheme, plan, and pattern intended to cause Alexander Contreras-Cobos to believe that, if he did not perform such labor and services, he and another person would suffer serious physical harm and physical restraint; and by the means of the abuse or threatened abuse

of the law and legal process; all in violation of Title 18, United States Code, Sections 1589, 1594 and 2.

## Count 17

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of a person, namely, Ricardo Lopez-Moreno, by threats of serious harm to, and physical restraint against, Ricardo Lopez-Moreno and other persons; and by means of a scheme, plan, and pattern intended to cause Ricardo Lopez-Moreno to believe that, if he did not perform such labor and services, he and another person would suffer serious physical harm and physical restraint; and by the means of the abuse or threatened abuse of the law and legal process; all in violation of Title 18, United States Code, Sections 1589, 1594 and 2.

## Count 18

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of a person, namely, Javier Jaimes-Nery, by threats of serious harm to, and physical restraint against, Javier Jaimes-Nery and other persons; and by means of a scheme, plan, and pattern intended to cause Javier Jaimes-Nery to believe that, if he did not perform such labor and services, he and another person would suffer serious physical harm and physical restraint; and by the means of the abuse or threatened abuse

of the law and legal process; all in violation of Title 18, United States Code, Sections 1589, 1594 and 2.

## Count 19

From on or about October 22, 2006, until and including December 18, 2006, within the Southern District of California, defendants GLORIA EUGENIA LEON-ALDANA, aka Doña Gloria, and MARIO ANTONIO ANTUNEZ-SOTELO, aka Don Tony, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of a person, namely, Adulfo De Jesus-Ortiz, by threats of serious harm to, and physical restraint against, Adulfo De Jesus-Ortiz and other persons; and by means of a scheme, plan, and pattern intended to cause Adulfo De Jesus-Ortiz to believe that, if he did not perform such labor and services, he and another person would suffer serious physical harm and physical restraint; and by the means of the abuse or threatened abuse of the law and legal process; all in violation of Title 18, United States Code, Sections 1589, 1594 and 2.

DATED: July 3, 2007.

A TRUE BILL:

_Ellen M. Bach_
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney

21